**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**SHANE ALAN BUTGEREIT**                                                                      **PLAINTIFF**

V.                              **CASE NO. 1:09CV00060 SWW/BD**

**CITY OF HORSESHOE BEND, ARKANSAS**                                    **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

The following Recommended Disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the recommended disposition.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

**II.     Introduction:**

Plaintiff Shane Alan Butgereit, an inmate in the Izard County Detention Center, filed this 42 U.S.C. § 1983 action pro se (docket entry #2), along with a motion for leave to proceed *in forma pauperis* (#1). United States District Judge Susan Webber Wright referred the case to this Court for recommended disposition (#4).

This Court recommends that Plaintiff's Complaint (#2) be DISMISSED WITHOUT PREJUDICE, and that his motion for leave to proceed *in forma pauperis* (#1) be DENIED as moot. In addition, the Court recommends that the District Court certify that an *in forma pauperis* appeal taken from the Order and Judgment dismissing this action would be frivolous and not taken in good faith.

**III.    Screening:**

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915A(b)(1)-(2).

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a person acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C.

§ 1983. Although "detailed factual allegations are not required," the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, __ U.S.__, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, __ U.S. __, 129 S.Ct. at 1940.

While a court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*), a plaintiff still must assert facts sufficient to state a claim as a matter of law. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

In the present case, Plaintiff sues the City of Horseshoe Bend based on his alleged wrongful conviction in the Horseshoe Bend City Court. He states that he is currently serving a 180-day sentence in the Izard County Detention Center due to this conviction.

Plaintiff filed an almost identical complaint in *Butgereit v. Johnson, et al.*, 1:09CV00048 (E.D. Ark. dismissed Oct. 5, 2009). In that case, Plaintiff's complaint was dismissed with prejudice because he had sued an immune defendant, the trial judge. The Court stated in that case that it was unclear whether Plaintiff intended to name the City of Horseshoe Bend as a defendant or merely to identify the location of the trial judge, who was a named defendant.

In the present case, Plaintiff names the City of Horseshoe Bend as the only Defendant. Regardless of whether the previous case would bar Plaintiff's present case under the doctrine of res judicata, this current claim against the City of Horseshoe Bend must be dismissed based on the relief Plaintiff seeks.

A claim for damages that necessarily implies the invalidity of a conviction or sentence is not cognizable under § 1983 until the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994). Plaintiff alleges that he was denied the right to counsel and to a trial by jury, that he was convicted without the introduction of any evidence against him, and that he was sentenced by a court operating without legal authority (#2). These allegations amount to a direct attack on his conviction and sentence. He may not proceed with this claim until his conviction has been invalidated or overturned.

"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a write of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87, 114 S.Ct. at 2372. Because Plaintiff has not shown the invalidation of his conviction, his Complaint must be dismissed without prejudice.

## IV. Conclusion:

The Court recommends that Plaintiff's Complaint (#2) be DISMISSED WITHOUT PREJUDICE, and that his motion for leave to proceed *in forma pauperis* (#1) be DENIED as moot. In addition, the Court recommends that the District Court certify that an *in forma pauperis* appeal taken from the Order and Judgment dismissing this action would be frivolous and not taken in good faith.

Dated this 17th day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE